JOS. A. ANDERSON, Respondent, v. ELECTRIC PARK AMUSEMENT COMPANY, Appellant.

Kansas City Court of Appeals, February 21, 1910.

1. **MASTER AND SERVANT: Negligence: Defective Appliances: Sufficiency of Evidence.** Plaintiff was employed shaving ice in a machine made for that purpose. While so employed he was injured. There was sufficient evidence of defects in said machine and of due care on plaintiff's part to justify the court's overruling defendant's demurrer to the evidence.

2. **INSTRUCTIONS: Negligence: Degree of Care.** An instruction telling the jury that it was defendant's duty to exercise reasonable care to furnish plaintiff with machinery in good repair was erroneous. A master is required to use reasonable care to furnish his servant with machinery in *reasonably* good repair. Such an error is not cured by proper instructions given on behalf of defendant unless the verdict is for the right party and the jury is not misled thereby.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

REVERSED AND REMANDED.

*Dana, Cowherd & Ingraham* for appellants.

(1)   If plaintiff's testimony, to the effect that he slipped and his hand was thrust down into the knives while the machine was not moving, be uncorroborated

and be further contrary to all the physical facts appearing in evidence, it will not support a verdict.   Hayden v. Railroad, 124 Mo. 573; Kelsey v. Railroad, 129 Mo. 373; Huggart v. Railroad, 134 Mo. 679; Payne v. Railroad, 136 Mo. 579; Phippin v. Railroad, 196 Mo. 343; Doerr v. Brewing Assn., 176 Mo. 556; George v. Mfg. Co., 159 Mo. 339.   (2)   If the undisputed evidence, and plaintiff's admissions show that it was a part of plaintiff's duty to keep the floor mopped, and that he failed to do it, and that the slippery condition thus resulted and that this was a part of the producing cause of the injury, then under all rules and definitions of the law of contributory negligence, plaintiff cannot recover. This for the simple reason that plaintiff contributed, by his own fault, to his injury.   Huss v. Bakery Co., 210 Mo. 53; Richardson v. Mesker, 171 Mo. 666; Anderson v. Box Co., 103 Mo. App. 382.   (3)   The duty of defendant was to use ordinary care to furnish plaintiff with place and appliances in reasonably safe condition.   The instruction stated a much more rigorous rule.   It required defendant to furnish appliances in absolutely good repair.   This was error.   As to the care required in furnishing a reasonably safe place, tools and appliances, see Beebe v. Transit Co., 206 Mo. 437; Goransson v. Mfg. Co., 186 Mo. 306; Dunn v. Nicholson, 117 Mo. App. 377.   (4)   As to withdrawing an issue from the jury, see Senn v. Railroad, 124 Mo. 630; holding it to be error for the court to instruct the jury that there was no evidence of contributory negligence on plaintiff's part when he saw the danger.   Chouteau v. Steamboat, 12 Mo. 393; Sawyer v. Railroad, 37 Mo. 263; Clark v. Hammerle, 27 Mo. 70; Brounlaw v. Wollard, 66 Mo. App. 642; Crews v. Lackland, 67 Mo. 621.   (5) That it is error to assume by instruction facts not in evidence or to single out particular facts or to omit essential facts or to submit propositions not applicable to the facts or not supported by the evidence, is so ele-

mental that it scarcely requires the citation of authorities to support it. Willis v. Railway, Light, Heat and Power Co., 111 Mo. App. 580; Chambers v. Railroad, 111 Mo. App. 609; Pim v. Transit Co., 108 Mo. App. 713; Flynn v. Transit Co., 113 Mo. App. 185; Boyce v. Railroad, 120 Mo. App. 168; Gibler v. Railroad, 129 Mo. 93; Holland v. Vinson, 124 Mo. App. 417; Asher v. Franklin, 121 Mo. App. 29; Wann v. Scullin, 210 Mo. 486; Baker v. Railroad, 122 Mo. 551; Wehringer v. Ahlmeyer, 23 Mo. App. 277; Hardy v. State, 7 Mo. 609.

*John L. Wheeler* and *John C. Nipp* for respondent.

(1) A demurrer to the evidence admits every fact proved, or which may be inferred from the testimony to be true, and should never be sustained unless the evidence, when thus considered, fails to prove some essential fact of the plaintiff's case. McNichol v. Express Co., 12 Mo. App. 401; Noenger v. Vogt, 88 Mo. 589; Harris v. Railroad, 89 Mo. 233; Donohue v. Railroad, 91 Mo. 357; Wilkerson v. Railroad, 26 Mo. App. 144; Jackson v. Insurance Co., 27 Mo. App. 62; Harriman v. Railroad, 27 Mo. App. 435; Rine v. Railroad, 100 Mo. 228; Herboth v. Gall, 47 Mo. App. 255; Franke v. St. Louis, 110 Mo. 516; Davies v. Baldwin, 66 Mo. App. 577; Barth v. Railroad, 142 Mo. 535; Young v. Webb City, 150 Mo. 333; Creighton v. M. W. A., 90 Mo. App. 378; Holman v. Mining Co., 102 Mo. App. 423; Butts v. Bank, 99 Mo. App. 168; Mooreman v. Railroad, 105 Mo. App. 711; Von Trebia v. Gaslight Co., 209 Mo. 648; Mooreman v. Railroad, 105 Mo. App. 711; Moore v. Transit Co., 194 Mo. 1; Hach v. Railroad, 208 Mo. 581; Koerner v. Car Co., 209 Mo. 141; Benseik v. Transit Co., 125 Mo. App. 121; Steube v. Foundry Co., 85 Mo. App. 640; Deitring v. Transit Co., 109 Mo. App. 524; Phelan v. Paving Co., 115 Mo. App. 423; Robertson v. Construction Co., 115 Mo. App. 456; Knorpp v. Waggner, 195 Mo. 637; Charlton v. Railroad, 200 Mo. 413; Commission Co. v. Bank, 130 Mo. App. 464; Hall v.

Compton, 130 Mo. App. 675; Schloemer v. Transit Co., 204 Mo. 99; Gilpin v. Railroad, 197 Mo. 319; Forbes v. Dunnavant, 198 Mo. 193; Dunphy v. Stock Yards Co., 118 Mo. App. 506; Furgeson v. Railroad, 123 Mo. App. 590; Fassbinder v. Railroad, 126 Mo. App. 563; Hall v. Compton, 130 Mo. App. 675; Hawk v. Railroad, 130 Mo. App. 658; Jordan v. Transit Co., 202 Mo. 418; Bower v. Railroad, 95 Mo. 268; Weber v. Cable Co., 100 Mo. 194; Oglesby v. Railroad, 177 Mo. 272. (2) It was not shown by plaintiff's admissions and the undisputed evidence, as claimed by defendants, that it was one of the duties of the plaintiff to keep the floor mopped, and that his failure so to do was a contributing cause of the accident. (3) The evidence on such questions was conflicting, and the jury, upon consideration of such conflicting evidence having found for the plaintiff, its verdict, was in effect, a finding that plaintiff was not guilty of contributory negligence, and such verdict should not be disturbed. Conroy v. Iron Works, 62 Mo. 35; McMillen v. Press Brick Works, 6 Mo. App. 434; Dowling v. Allen, 74 Mo. 13; Raber v. Tower, 11 Mo. App. 199; Harriman v. Railroad, 27 Mo. App. 435; Hamilton v. Mining Co., 108 Mo. 364; Blanton v. Dold, 109 Mo. 64; Moore v. Wire Works Co., 55 Mo. App. 491; Nicholds v. Glass Co., 27 S. W. 516; Nicholds v. Glass Co., 126 Mo. 55; Halliburton v. Railroad, 58 Mo. App. 27; Monahan v. Coal Co., 58 Mo. App. 68; Benham v. Taylor, 66 Mo. App. 308; Compton v. Railroad, 82 Mo. App. 175; De Vore v. Railroad, 86 Mo. App. 429; Nash v. Dowling, 93 Mo. App. 156; Franklin v. Railroad, 97 Mo. App. 473; Adolff v. Baking Co., 100 Mo. App. 199; Mueller v. Shoe Co., 109 Mo. App. 506; Stafford v. Adams, 113 Mo. App. 717; Hollweg v. Telephone Co., 195 Mo. 149; Kramer v. Manufacturing Co., 122 Mo. App. 247; McGinnis v. Printing Co., 122 Mo. App. 227; Garaci v. Construction Co., 124 Mo. App. 709; Huston v. Railroad, 129 Mo. App. 576; Wiley v. Gas Light Co., 111 S. W. 1185; Cole v. Lead Co., 130 Mo. App. 253. (4) The

jury has found in favor of the plaintiff, and a verdict sustained by evidence will not be disturbed on appeal. Schaff v. Peters, 111 Mo. App. 447; Brockman Com. Co. v. Kilbourne, 111 Mo. App. 542; Morgan v. Keller, 194 Mo. 663; Levels v. Railroad, 196 Mo. 606; Harris v. Scheffel, 117 Mo. App. 514; Wood v. Railroad, 119 Mo. App. 78; Carp v. Assur. Co., 99 S. W. 523; Corum v. Railroad, 129 Mo. App. 494; Cobb v. Holloway, 129 Mo. App. 212; Wayland v. Johnson, 130 Mo. App. 80.   (5) Where the verdict is in favor of plaintiff, the appellate court will assume that the evidence given in behalf of plaintiff is true.   Peck v. Traction Co., 110 S. W. 659; Von Trebra v. Gaslight Co., 209 Mo. 648.   (6) A verdict based on conflicting evidence will not be disturbed. Bray v. Riggs, 110 Mo. App. 630; Smith v. Telephone Co., 113 Mo. App. 429; Hill v. Davis, 116 Mo. App. 697; Bank v. Railroad, 117 Mo. App. 248; Laub v. Railroad, 118 Mo. App. 488; Dunphy v. Stock Yards Co., 118 Mo. App. 506; Betz v. Telephone Co., 121 Mo. App. 473; Bush v. Brandecker, 123 Mo. App. 470; Abney v. Marshall, 124 Mo. App. 483; Fulton v. Railroad, 125 Mo. App. 239; Scherer v. Hill, 125 Mo. App. 375; Zinc Co. v. Amsden Leonard & Co., 125 Mo. App. 512; Morris v. Williams, 111 S. W. 607; Landrum v. Railroad, 112 S. W. 1000.   (7)   A verdict based on conflicting evidence will not be interfered with on appeal, though it may appear that the preponderance of the evidence is against it.   Bond v. Railroad, 110 Mo. App. 131; Flynn v. Transit Co., 113 Mo. App. 185; Harrison v. Lakenan, 189 Mo. 581; Colyer v. Railroad, 113 Mo. App. 457; Nephler v. Woodward, 200 Mo. 179; Dowling v. Wheeler, 117 Mo. App. 169; McNulty v. Railroad, 203 Mo. 475; Garner v. Railroad, 128 Mo. App. 401.   (8)   Plaintiff's instruction did not impose on defendant  too great a degree of care.   Burdoin v. Trenton, 116 Mo. 358; Jerowitz v. Kansas City, 104 Mo. App. 202.   (9)   Instructions must be construed together as a whole, and if when so considered they properly state the law, it is sufficient.   Har-

rington v. Sedalia, 98 Mo. 583; Sawyer v. Drake, 34 Mo. App. 472; Kinney v. Springfield, 35 Mo. App. 97; Fletcher v. Milburn Mfg. Co., 35 Mo. App. 321; Blaydes v. Adams, 35 Mo. App. 526; Wallich v. Morgan, 39 Mo. App. 469; Burdoin v. Trenton, 116 Mo. 358; Pike v. Eddie, 53 Mo. App. 505; Meade v. Railroad, 68 Mo. App. 92; Bowring v. Wabash, 90 Mo. App. 324; McKinstery v. Transit Co., 82 S. W. 1108; Shanahan v. Transit Co., 109 Mo. App. 228; Railroad v. Stewart, 201 Mo. 491; Scippell v. Gaslight Co., 125 Mo. App. 81; Bell v. Railroad, 125 Mo. App. 660; Gibler v. Railroad Co., 203 Mo. 208. (10) Where the charge as a whole correctly expresses the law, defects in particular instructions are not grounds for reversal, where the jury were not misled. Neal v. McKinstery, 7 Mo. 128; William v. Vanmeter, 8 Mo. 339; Pond v. Wyman, 15 Mo. 175; Knox v. Hunt, 18 Mo. 174; McKeon v. Railroad, 43 Mo. 405; Marshall v. Insurance Co., 43 Mo. 586; Harrison v. Insurance Co., 43 Mo. 590; Noble v. Blount, 77 Mo. 235; Brooks v. Railroad, 35 Mo. App. 571; Railroad v. Schoennen, 37 Mo. App. 612; Wallich v. Morgan, 39 Mo. App. 469; Wetzel v. Waggoner, 41 Mo. App. 509; McNichols v. Nelson, 45 Mo. App. 446; Shortell v. St. Joseph, 104 Mo. 114; Minter v. Hdw. Co., 50 Mo. App. 177; Hunt v. Hunter, 52 Mo. App. 263; Liese v. Meyer, 143 Mo. 547; Orcutt v. Century Bldg., 112 S. W. 532; Brown v. Printing Co., 112 S. W. 462. (11) Where an instruction which was given is erroneous when taken by itself, but it is properly qualified by another instruction given, the judgment will not be reversed. Gamache v. Piguignot, 17 Mo. 310; Pruitt v. Martin, 59 Mo. 325; Sappington v. Railroad, 14 Mo. App. 86; Brocks v. Railroad, 35 Mo. App. 571; Wetzell v. Waggoner, 41 Mo. App. 509; Harringan v. Welsh, 49 Mo. App. 495; Minter v. Hdw. Co., 50 Mo. App. 177; Milligan v. Railroad, 79 Mo. App. 393; Chamber v. Chester, 172 Mo. 461. (12) Where the instructions, as a whole, fully covered the case and fairly presented it to the jury, and

the instructions given for appellant remedied and neutralized the error, if any, in a certain instruction given at the request of the respondent, there was no ground for reversal.    Dougherty v. Railroad, 97 Mo. 647; Harrington v. Sedalia, 98 Mo. 583; Carson v. Machine Co., 36 Mo. App. 462; McGrew v. Railroad, 109 Mo. 582; Spillane v. Railroad, 111 Mo. 555; Crawford v. Doppler, 120 Mo. 362; Senn v. Railroad, 135 Mo. 512; Anderson v. Railroad, 161 Mo. 411; Swofford v. Spratt, 93 Mo. App. 631; Hunt v. Lead Co., 104 Mo. App. 377; Weston v. Mining Co., 105 Mo. App. 702; Burdoin v. Trenton, 116 Mo. 358; Jerowitz v. Kansas City, 104 Mo. App. 202.   (13)   Defendant cannot complain of an instruction given for plaintiff which ignored the facts tending to establish the defense when the theory of the defense was clearly brought out by instructions afterwards given at the defendant's request.   Meadows v. Insurance Co., 129 Mo. 76; Quinlan v. Kansas City, 104 Mo. App. 616.

BROADDUS, P. J.—This is an action for a personal injury sustained by plaintiff when in defendant's employ on July 27, 1905.   He alleges that his injury was occasioned by the defendant's negligence in failing to furnish him a reasonably safe place in which to do his work and a safe appliance with which to do it.

The defendant was the proprietor of what was known as Electric Park located in the east bottoms in Kansas City, Missouri.   The business of defendant was to afford entertainment to the public.   There was a part of the park ground that was called the German Village. The plaintiff and two others named respectively Lewis Ross and Earl Bagby were employed as porters.   Their work was in connection with a bar where drinks were dispensed to the defendant's customers. The plaintiff at the time he was injured was engaged in operating a machine for chipping ice.   This machine was fastened to a partition which separated the bar from the

grounds of the German Village. The top of this machine when attached to the partition was about the height of a man's shoulders. It was a boxlike affair lined with galvanized iron, the receptacle of which for receiving the ice was about nine by twelve inches in dimensions. At the bottom was a revolving cylinder with teeth like those of a mowing machine, attached to which was a wheel with a handle. The machine was operated by turning by the hand, with the handle, which caused the cylinder to revolve. Blocks of ice of a size to fill the receptacle were placed in the box which coming in contact with the cylinder shaved or chipped the ice which fell out through a tube into a tub set on the floor. Near this was the refrigerator in which the blocks of ice were deposited when brought to the place by wagons. There was a box on the floor in which these blocks of ice, when taken from the refrigerator, were placed, where they were broken into suitable sizes to fit the receptacle in the machine.

The duties of plaintiff as stated in his own language were as follows: "I was supposed to look after the bottled beer—put it in the tank, see that it was iced in proper shape and kept cold, and was to chip the ice for mixed drinks, and to shake lemonade." It appeared that in the operation pieces of ice would fall upon the floor and make it wet. And plaintiff states that two of the boards in the floor just in front of the machine were warped upward.

Plaintiff described the manner in which he was injured as follows: "I was chipping the ice and a piece of ice caught in the ragged lining and my only salvation to get it loose was to move it with my hand, because I had no other way to get it loose, and I put my hand in on a piece of ice and when I put it in and moved the ice it caught under the end like, and I struck my foot on the board that stuck up on the floor, and stumbled and slipped at the same time, and my hand went down between the ice and the machine, to the knives. I don't

know what caused the wheel to turn or anything. I couldn't say that unless my striking it with my body was the cause of it." He stated that he stopped the machine when the ice caught. The wheel was on the outside of the box just in front of the operator.

The plaintiff from his position could by bending forward, look into the machine without moving from his position and could by reaching over also put his hand down into the box upon the ice. It was not necessary that he should have changed his position in order to loosen the piece of ice that got caught in the lining, but he says he did move, stumbled and slipped.

Plaintiff's evidence tends further to show that the lining of the machine had holes in it, and was ragged, which caused it to prevent the ice from going down upon the knives; that he had notified defendant's superintendent of the condition of the floor and the machine and the latter had assured plaintiff that it would be safe to continue the work and directed him so to do.

Defendant's evidence tends to show that the machine was in good order, and that plaintiff was in the habit, against orders of the superintendent, of putting his hand into the box to press down the ice while the cylinder was revolving; and that his injury was the result of his so doing.

The plaintiff recovered and defendant appealed.

The defendant offered a demurrer to plaintiff's evidence and renewed it at the close of all the evidence which the court overruled.

By giving to plaintiff full credence and his evidence every reasonable intendment we believe plaintiff made out a case for the jury. In arriving at our conclusion we have left out the wet and slippery condition of the floor as it was clear that it was plaintiff's duty to see that it was kept in a reasonably safe condition.

The manner in which the plaintiff claims to have received his injury is not incredible and not inconsistent with the physical facts surrounding the occurrence. Al-

though there was no real necessity for him to have changed his position after he looked into the box to see what had clogged the machine, for he was then in a proper distance to have reached in and unclogged it, yet he may naturally have done so. Any one so engaged would not in all probability have taken such a position and remained standing in it until the work was completed, but would change it from time to time without giving the matter any thought whatever; and no looker on would think of inquiring why he had made such changes. The plaintiff was asked why he changed his position but he was not philosopher enough to answer intelligently. He could only say, "I don't know, but I did change." And negligence under the circumstances should not be attributed to him for having done so.

The instructions given by the court we think properly put the case to the jury with the exception of number two given at the instance of plaintiff. It reads as follows: "The court instructs the jury that it was the defendant's duty to exercise reasonable care to furnish plaintiff with machinery *in good repair* and a reasonably safe place in which to perform his work, etc." The words we have italicized should have read *"in reasonably good repair."* This kind of an instruction has so often been condemned that it is useless to refer to the decisions to that effect. It is a question however whether that given for defendant cured the error. It reads as follows: "If you find from the evidence that the machine and floor in question were in reasonably safe condition, your verdict must be for defendant."

The trouble is that the jury have two standards by which they are to determine the defendant's negligence, to-wit, whether it was required to have a machine in safe condition or in one that was reasonably safe. Sometimes the courts hold that such errors are cured when proper instructions are given for the same party defining negligence because they must all be construed to-

gether, but we do not believe this rule ought to be extended so as to make the instructions of the opposite party curative of such errors. And sometimes such errors are disregarded where it is apparent that the jury could not have been misled; and where the verdict is clearly for the right party. We are not satisfied the verdict was for the right party, on the contrary we believe it was against the great weight of the credible testimony in the case, and the error may have had some influence in bringing about the result. The presumption is that the jury read the instructions, and that they were guided by one or the other in determining the question of care on the part of defendant, and want of care on the part of the plaintiff, but which is not known. They were contradictory and at least tended to confuse the minds instead of properly enlightening the jury as to the issues in the case. For this error the cause is reversed and remanded. All concur.